# Exhibit 1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO.**

Western New England Renal &
Transplant Associates, Inc. , PLAINTIFF(S)

V.

**SUMMONS**

GE Healthcare Strategic
Sourcing Corporation , DEFENDANT(S)

To the above named defendant: GE Healthcare Strategic Sourcing Corporation

You are hereby summoned and required to serve upon
Dawn D. McDonald, Esquire , plaintiff's attorney, whose address is
1380 Main St., Springfield, MA 01103 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq., at Springfield the _____17th_____ day of
___May_____ in the year of our Lord two thousand ten.

Brian P. Lees
Clerk / Magistrate

A true copy Attest:
5/27/20 [signature]
Deputy Sheriff Suffolk County

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Hampden, ss.

Civil Action No.:

| | |
|---|---|
| WESTERN NEW ENGLAND RENAL &<br>TRANSPLANT ASSOCIATES, P.C.,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| GE HEALTHCARE STRATEGIC<br>SOURCING CORPORATION,<br>Defendant | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.    The Plaintiff, Western New England Renal & Transplant Associates, P.C. (hereinafter

"WNERTA"), is a Massachusetts Professional Corporation with a principal place of

business at 300 Birnie Avenue, Springfield, Hampden County, Massachusetts.

2.    The Defendant GE Healthcare Strategic Sourcing Corporation (hereinafter "GE"), is a

Vermont Corporation registered to do business in the Commonwealth with a registered

agent for service of process at 155 Federal Street, Suite 700, Boston, Massachusetts.

### FACTS

3.    WNERTA and GE were parties to a Service Agreement (hereinafter "Agreement"),

entered into on or about September 1, 2005 whereby GE was to provide billing services

to the physicians and physician group practices of  WNERTA.

4.    The Agreement provided that GE's obligations included, but were not limited to the

following: "Billing Service shall be responsible for developing and implementing billing

and accounts receivable management systems for the Practice.  This will include:

1

corresponding with all third party payors; collecting payments from all third party payors and patients for services provided by the practice to patients; and entering Data Elements into the Billing System."

5. GE was to bill third party payors and patients on a weekly basis and within one (1) week of receipt of charge information from WNERTA.

6. GE was to use commercially reasonable efforts to collect amounts due promptly from applicable payors whether they be patient or third party payors.

7. GE was to maintain billing records in an acceptable and readily accessible format and make the records available to WNERTA upon request.

8. GE failed to perform as required under the Agreement. Its failures include, but are not limited to: failing to enter charges, inconsistency in entering charges, failure to collect accounts receivable, and failing to "work" unpaid accounts receivable.

9. GE's breach significantly reduced WNERTA's cash flow causing it significant harm.

10. Due to this failed performance, WNERTA put GE on notice pursuant to the Agreement and the parties had two meetings during April and August of 2007 to discuss GE's failure to perform as required under the Agreement.

11. At the April and August meetings, GE advised WNERTA that it was "committed to improving the service delivered to you through our GEHC Strategic Sourcing operation" and further included a guarantee of cash flow by providing interest –free loans to WNERTA.

12. GE never followed through with its commitment to improve service or to provide interest-free loans and its poor service continued.

13. On or about March 6, 2008 WNERTA sent GE Notice of Termination of the Agreement.

14.  Thereafter, WNERTA requested it's Data Elements which was property of WNERTA and GE was obligated to provide upon termination of the Agreement in a "logical" and "machine readable" format.  GE never provided WNERTA with the information that it needed in order to take over its own billing from GE.  The information that GE provided was useless.  As a result, WNERTA could not begin collecting its accounts receivable once it took over the billing from GE.  WNERTA suffered severe monetary losses as a result.

15.  WNERTA had to take extreme measures in order to attempt to mitigate its damages as a result of GE's failure to provide it with this critical billing information.  Among other things, WNERTA had to: 1) hire people to manually input patient demographic information that should have been transferred from GE; 2) Hire a Renal Billing Specialist to re-bill "Procrit" patients; 3) they had to re-bill all inappropriately submitted repeat angioplasty claims; 4) go to third party payors such as Medicare to request records to try to recoup some of the lost charges; and 5) the doctors have spent exorbitant amounts of time on billing issues instead of patient care and surgery.

16.  From March 6, 2008 through October 8, 2009, WNERTA has made repeated demands for GE to turn over to it "its billing records in an acceptable and readily accessible format," including, but not limited to Patient Ledgers.  GE has failed and refused to comply in violation of the Agreement.

## COUNT I
### (Breach of Contract)

17.  The Plaintiff WNERTA repeats and realleges paragraphs 1 through 16 *supra* as if originally set forth herein and further alleges the following:

3

18. By its conduct as set forth herein, the Defendant GE breached the Agreement with WNERTA.

19. WNERTA was damaged by GE's breach.

WHEREFORE, the Plaintiff WNERTA demands that the court award it judgment against the Defendant, assess damages, and award them to the Plaintiff, together with interest from the date of the Complaint, costs and counsel fees.


## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

20. The Plaintiff WNERTA repeats and realleges paragraphs 1 through 19 *supra,* as if originally set forth herein.

21. The contract carries with it an implied covenant of good faith and fair dealing.

22. GE's conduct and actions in breaching the contract as set forth herein, were undertaken in bad faith and constitute a violation of the implied covenant of good faith and fair dealing.

23. As a direct and proximate result, WNERTA has suffered and continues to suffer damages.

WHEREFORE, the Plaintiff WNERTA demands judgment for breach of the implied covenant of good faith and fair dealing, together with interest, costs, attorney's fees and such other and further relief as this court deems just and proper.


## COUNT III
### (Violation of M.G.L. c. 93A, §§ 2, 11)

24. The Plaintiff WNERTA repeats and realleges paragraphs 1 through 23 *supra,* as if originally set forth herein.

4

25.  GE has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A, §§2, 11, and the Attorney General's Regulations promulgated thereunder.  As a result, WNERTA has sustained and continues to sustain damages.

26.  GE has employed the following unfair and deceptive acts or practices in trade or commerce against WNERTA, each and every one of which standing alone and/or together, constitutes a violation of M.G.L. c. 93A and each and every one of which is alleged as a separate and distinct violation of M.G.L. c. 93A:

   a.  GE breached the contract.

   b.  GE breached the implied covenant of good faith and fair dealing.

   c.  GE failed enter charges;

   d.  GE was inconsistent in entering charges;

   e.  GE failed to collect accounts receivable;

   f.  GE failed to "work" unpaid accounts receivable;

   g.  GE failed to maintain billing records in an acceptable and readily accessible format and make the records available to WNERTA upon request.

   h.  GE failed to provid WNERTA with the information that it needed in order to take over its own billing from GE.

27.  GE's conduct as set forth hereinabove was knowing and willful conduct within the meaning of M.G.L. c. 93A.

28.  As a direct and proximate result of GE's violations of M.G.L. c. 93A, §§ 2, 11, WNERTA has suffered and continues to suffer damages.

5

WHEREFORE, WNERTA demands judgment for violations of c. 93A, §§ 2, 11 as follows:

      i.   Monetary damages;

     ii.   Treble damages for GE's willful and knowing violations of c. 93A;

   iii.   Attorney's fees, interest and costs; and

   iv.   Such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

The Plaintiff
WESTERN NEW ENGLAND RENAL
AND TRANSPLANT ASSOCIATES, P.C.

By its Attorney,

Dated: May 17, 2010

Dawn D. McDonald, Esq. BBO#647256
Cooley Shrair, P.C.
1380 Main Street, 5th Fl.
Springfield, MA 01103
Tel: 413-781-0750; Fax: 413-733-3042
dmcdonald@cooleyshrair.com

6

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: HAMPDEN | Docket Number: |
| --- | --- | --- |

COPY

| PLAINTIFF(S)<br><br>WESTERN NEW ENGLAND RENAL & TRANSPLANT ASSOCIATES, P.C. | DEFENDANT(S)<br><br>GE HEALTHCARE STRATEGIC SOURCING CORPORATION |
| --- | --- |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>DAWN D. MCDONALD, ESQUIRE – COOLEY, SHRAIR P.C.<br>1380 Main Street, 5th Flr. – Springfield, MA 01103 – 413-781-0750; 413-733-3042 (fax)<br><br>Board of Bar Overseers Number   647256 | ATTORNEY (if known)<br><br>- |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| --- | --- | --- | --- |
| A99 | Services Contract | ( F ) | ( X ) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:
1. Total hospital expenses.................................................................. $ 0.00
2. Total Doctor expenses................................................................... $ 0.00
3. Total chiropractic expenses........................................................... $ 0.00
4. Total physical therapy expenses..................................................... $ 0.00
5. Total other expenses.................................................................... $ 0.00
      **Subtotal** $ **0.00**
B.    Documented lost wages and compensation to date................................. $ 0.00
C.    Documented property damages to date.............................................. $ 0.00
D.    Reasonable anticipated future medical and hospital expenses.................... $ 0.00
E.    Reasonable anticipaged lost wages.................................................. $ 0.00
F.    Other documented items of damages (describe):
       $ 0.00
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe):

       $ 0.00
      **TOTAL** $ **0.00**

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):   Defendant breached its contract with the Plaintiff by, inter alia, failing to enter charges, failing to collect accounts receivables, failing to provide billing records in an acceptable and readily accessible format, etc.

      **TOTAL** $ 4,000,000.00 +/-

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

Signature of Attorney of Record _____    DATE:   May 17, 2010